IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE C. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO.11-877-GPM |
| ) | |
| WEXFORD HEALTH SOURCES INC., ) | |
| PHILIP B. MARTIN, GLADYSE C. ) | |
| TAYLOR, LEE RYKER, JR., PAMELA J. ) | |
| MORAN, and JAMES FENOGLIO, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, Mr. Jesse C. Phillips, currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.

Plaintiff claims that on June 18, 2010 he was seen by Lawrence medical staff for treatment of a right eardrum infection. Defendant James Fenoglio, a doctor working at Lawrence, prescribed Plaintiff Bactrim without explaining the side effects of the medication. Neither did the Bactrim package contain a list of side effects. Plaintiff took the Bactrim as-prescribed and experienced symptoms including cramps, decreased urination, and lethargy–symptoms he later learned are listed side effects of Bactrim. After he began experiencing these side effects, Plaintiff complained to Defendants Philip B. Martin, Lawrence's Health Care Unit Administrator, and Fenoglio. Plaintiff was seen by a nurse practitioner in response to these complaints on June 29, 2010. Plaintiff filed an institutional grievance about the side effects on June 30, 2010.

On approximately August 27, 2010, Defendant Pamela J. Moran denied Plaintiff's grievance, stating that Plaintiff's allegations were unsubstantiated. Defendant Lee Ryker, Lawrence's Warden, approved the denial of the grievance. However, in December of 2010 as part of a different civil action, Plaintiff received a copy of his prison file and found an August 27, 2010 correspondence between Defendants Moran and Martin in which Martin confirmed to Moran that the Office of Health Services did not want prisoners to receive medication side effects in writing "because they will grieve every side effect and try to bring suit."

Plaintiff alleges several claims from these facts: (1) a conspiracy to deny him access to the courts in violation of his First Amendment rights against Defendants Moran, Martin, and Wexford Health; (2) a due process claim that Defendants Martin and Moran deprived him of property–that property being his recovery in a state suit that he would have been able to bring, had those Defendants not conspired to deny him access to the courts; (3) deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights by Defendants Martin and Fenoglio for their failure/refusal to provide him with Bactrim's side effects; (4) deliberate indifference to his serious medical needs in violation of the Eighth Amendment against Defendants Gladyse C. Taylor, Illinois Department of Corrections Director, Moran, and Ryker as they were aware through Plaintiff's grievances of his need for the side effect warnings; and (5) retaliation for exercising his right to submit an institutional grievance by refusing to provide him the requested side effects and by falsifying her response to his grievance against Defendant Moran.

Plaintiff's third and fourth claims assume that denying his access to the listed side effects of Bactrim constituted deliberate indifference to a serious medical need. "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer,* 680

F.3d 1013, 1018 (7th Cir. 2012) (internal citations and quotations omitted). Plaintiff's deliberate indifference claims do not, however, focus on his experience of Bactrim side effects. By his own account, he was seen by medical personnel at Lawrence for treatment of those complaints. He instead claims that by not-providing the possible side effects, Defendants were deliberately indifferent to a serious medical need. Plaintiff fails to state any serious medical need here–his desire for greater pharmacological information is not a serious medical need or a medical condition at all. Much as in *Munson v. Gaetz,* in which the plaintiff complained that the prison refused to allow him a copy of the Physician Desk Reference, Plaintiff's own papers show that the Defendants restricted the side effect information for a valid penological purpose–"Exhibit F" of the complaint is an e-mail from Defendant Martin stating that the "Office of Health Services does not want us to give the side effects in writing to them because they will grieve every side effect and try to bring suits. The offenders usually will research their medications in the Library" (Doc. 18-3). *See Munson v. Gaetz,* 673 F.3d 630, 635 (7th Cir. 2012) ("Munson's complaint provided the prison's legitimate interest in restricting his access to the books and the rational connection between that interest and the restriction takes no imaginative dive into the depths of the prison officials' consciousness."). What Plaintiff has alleged is a conspiracy to keep information from him–but by his own complaint that "conspiracy" is related to a legitimate penological interest.

There is no serious medical need, nor is there deliberate indifference. At most, Plaintiff could attempt to claim that Defendant Fenolglio was negligent in not providing side effects for the prescribed antibiotic, but "[n]egligence–even gross negligence–is insufficient" to show deliberate indifference. *King v. Kramer,* 680 F.3d 1013, 1018 (7th Cir. 2012). Plaintiff fails to state any claim for deliberate indifference to a serious medical need, and his claims (3) and (4) (above) against Defendants Martin, Fenoglio, Taylor, Moran, and Ryker are **DISMISSED with prejudice.** *See Munson,* 673 F.3d at 637

("The Eighth Amendment protects a prisoner's right to receive adequate treatment, not the right to have one's own set of books about drugs.").

Plaintiff's claim that Defendants Moran, Martin, and Wexford Health conspired to deny him access to the courts in violation of his First Amendment rights likewise fails to survive screening. As an initial matter, Wexford Health must be dismissed. Plaintiff states only that "Wexford intentionally attempted to conceal facts about his medication side effects...to frustrate the ability of Plaintiff to realize he had a claim/claims and prove it." (Doc. 18). Section 1983 "does not establish a system of vicarious liability." *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009). Plaintiff does not claim that it was a policy or practice of Wexford to conceal side effects in order to obstruct his First Amendment right of access to the courts. *See Woodward v. Corr. Medical Serv. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004). Wexford Health Services is **DISMISSED**, but Plaintiff does not state a claim here against any of the Defendants.

"[T]o satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury." *In re Maxy,* 674 F.3d 658, 660 (7th Cir. 2012), *citing Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009) ("That right [to access courts] is violated when a prisoner is deprived of such access and suffers actual injury as a result."). Plaintiff's claim here appears to be that Defendants concealed Bactrim's side effects to protect themselves from a potential suit. So his "actual injury" is ostensibly the lost opportunity to bring a suit against Defendants for prescribing him a medication with side effects. While "loss of an opportunity to sue" can constitute an access to courts claim, *Christopher v. Harbury,* 536 U.S. 403, 414 (2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415. Plaintiff's complaint fails to lay out a cognizable or non-frivolous claim that he was denied from pursuing. What his Bactrim-side-effects suit might have

been is not clear. If the basis for suit was that Plaintiff was seen by a doctor for a serious ear infection and was treated with an antibiotic, the use of which resulted in mild side effects, then the Court finds this to be frivolous. *See Harbury,* 546 U.S. at 415 ("[T]he named plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim."). Plaintiff's access-to-courts claim against Defendants Moran, Martin, and Wexford Health is therefore **DISMISSED with prejudice.**

Plaintiff's due process claim that Defendants Martin and Moran deprived him of property (his potential state suit recovery) likewise fails to state a claim. "To have a property interest protected by the Fourteenth Amendment…[plaintiff] must have more than a unilateral expectation of the claimed interest. He must, instead have a legitimate claim of entitlement to it. An entitlement of that magnitude arises when statutes, regulations or a contract establish a framework of factual conditions delimiting entitlements which are capable of being explored at a due process hearing." *Santana v. Cook County Board of Review,* 679 F.3d 614, 621 (7th Cir. 2012). The possibility of recovering damages in a lawsuit which was never filed (and the basis of which Plaintiff fails to adequately articulate here) is *not* an entitlement. Plaintiff states no due process infringement, and this claims is also **DISMISSED with prejudice.**

Plaintiff's final claim is that Defendant Moran retaliated against him for filing a grievance. Her alleged retaliation constituted writing information that she knew to be false on the response to Plaintiff's grievance. It is true that "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper," *Howard v. Kilquist,* 833 F.2d 639, 644 (7th Cir. 1987), and that "[a] prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010). The act of retaliation here, however, is Defendant's recommendation that "[b]ased upon a total review of all available information, this Grievance Officer recommends that the

grievance be denied. The allegations are not substantiated." (Doc. 18-2). Plaintiff claims that Moran *did* know the claims were substantiated, via her e-mails with Defendant Martin which set out the institution's rationale for not-providing medication side effect lists. What Plaintiff is complaining of here is an unfavorable response to his grievance. To argue that Defendant denied the grievance in retaliation for Plaintiff filing the grievance is too circuitous, even if, in denying the grievance, Defendant lied. There is no plausible retaliation claim here, and this claim too is **DISMISSED with prejudice.** *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but did not obtain the outcome he desired).

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief can be granted and thus is **DISMISSED with prejudice**. Plaintiff's pending motions are **DENIED**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: August 24, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge